| | |
|---|---|
| In re: Randye Sue Bollinger,<br>　　Debtor, | )<br>)<br>) |
| Cathy C. Cardillo,<br>　　Appellant, | )<br>)<br>) Case No. 9:09-cv-3243-RMG-RSC |
| v. | ) **ORDER**<br>) |
| Randye Sue Bollinger<br>　　Appelle. | )<br>)<br>) |

This is a bankruptcy appeal over which this Court has jurisdiction pursuant to 28 U.S.C. § 158. Having carefully considered the briefs, the record, the arguments of counsel, and the applicable law, it is the judgment of this Court that the decision of the Bankruptcy Court should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

Cathy C. Cardillo ("Appellant") appeals from the United State's Bankruptcy Court for the District of South Carolina's Order dismissing her adversary complaint before the bankruptcy court with prejudice. Appellant contends that the bankruptcy court erred as a matter of law in granting Randye Sue Bollinger's ("Appelle" or "Debtor") motion to dismiss and in failing to alter or amend that decision on Appellant's motion to reconsider.

On July 23, 2009, Debtor filed a voluntary petition for bankruptcy. A meeting of creditors was held on August 18, 2009 at which the Trustee filed a report of no distribution based on the Trustee's conclusion that there were no assets to administer on behalf of the creditors of Debtor's bankruptcy estate.

Appellant instituted this action to deny discharge of the debt she claims Debtor owes. In her adversary complaint she alleged three causes of action. Debtor moved to dismiss the adversary complaint. On October 15, 2009 the Bankruptcy Court held a hearing on Debtor's motion to dismiss. Following the hearing, on October 26, 2009, the Bankruptcy Court issued an order granting Debtor's motion to dismiss and dismissing Appellant's adversary complaint. Following the Bankruptcy Court's denial of Appellant's motion for reconsideration, Appellant filed this appeal. Thereafter, pursuant to 28 U.S.C. § 636 the appeal was referred to a United States Magistrate Judge for his report and recommendation. Briefs were filed in accordance with the Rules and a hearing was held on Mach 31, 2010 before the Magistrate.

The facts giving rise to this action surround contracting work performed by Debtor's ex-husband. (Dkt. No. 6-5 at pp. 1-2). Debtor's ex-husband operated a contracting company that performed renovation services on Appellant's home. (*Id.*) In September of 2006, Appellant was awarded a judgment against Debtor's ex-husband's contracting company by a New Jersey trial court but the New Jersey court declined to enter a judgment personally against Debtor's ex-husband. (*Id.*) The New Jersey trial court was affirmed on appeal. (*Id.*) During the New Jersey proceedings against Debtor's ex-husband, Debtor's divorce proceedings were commenced and following a consent judgment, Debtor received interest in the marital residence which she later sold for $370,000. (Dkt. No.6-5). After settling the liens against the marital residence, Debtor received nothing from the sale of the home. (*Id.*)

Out of that background arises Appellant's claim that she has been aggrieved because Debtor received property–her former marital home–from Debtor's ex-husband who also happened to be Appellant's debtor arising out of the New Jersey action. From the pleadings it seems that Appellant

is claiming that the transfer of the marital home during Debtor's divorce proceeding was a fraudulent transfer designed to prevent the Appellant from recovery on the New Jersey judgment against Debtor's ex-husband.

The Bankruptcy Court dismissed Appellant's adversary complaint. As detailed herein, that decision is affirmed.

## STANDARD OF REVIEW

The United States District Court refers matters arising under Title 11 of the United States Code to the Bankruptcy Court pursuant to 28 U.S.C. § 157. Local Rule 83.IX.01, *et seq.*, D.S.C. Final orders of the Bankruptcy Court are appealable to the District Court. 28 U.S.C. § 158.

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that "[o]n appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The Bankruptcy Court's findings of fact are reviewed under a "clearly erroneous" standard. Its conclusions of law are subject to *de novo* review. *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999). Thus, the Bankruptcy Court's exercise of its discretion is reviewed for abuse. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324 (4th Cir. 1984).

## ISSUES ON APPEAL

1. Did the Bankruptcy Court err in dismissing the Section 523(a)(2)(A) claim because "money, property or services did not pass <u>directly</u> from Cardillo to Bollinger"?

2. Did the Bankruptcy Court err in reaffirming the dismissal of the Section 523(a)(2)(A) claim on reconsideration?

3. Did the Bankruptcy Court err in reaffirming the dismissal of the Section 523(a)(2)(A) claim by making a finding of fact and deciding the issue of intent with regard to the alleged fraudulent claim?

## LAW/ANALYSIS

The finding of facts was not necessary on the part of the Bankruptcy Court in dismissing Appellant's adversary complaint. Upon the de novo review of the Record before this Court, it is clear that the Bankruptcy Court did engage in such findings, contrary to Appellant's contentions otherwise. Instead, the Bankruptcy Court correctly took the allegations (mostly factual) as alleged by the Appellant in her adversary complaint and analyzed whether those allegations gave rise to a cognizable claim. As noted, the Bankruptcy Court simply determined that Appellant failed to state a claim for which relief could be granted.

The Bankruptcy Court's decision is well-supported under the law and by the Record. Appellant has failed to state a claim because Appellant does not allege Debtor owes Appellant any debt for money, property, services or credit received by Debtor from Appellant despite her broad allegations of purported fraud. This pleading deficiency is fatal to Appellant's claim as the Fourth Circuit has made clear in stating that Section 532 "demonstrates that Congress excepted from discharge not simply any debt incurred as a result of fraud but *only* debts in which the debtor used fraudulent means to obtain money, property, services, or credit." *In Re Roundtree*, 478 F.3d 215 (4th Cir. 2007) (emphasis added).

Here, Appellant does not allege that she incurred a debt due to her from Debtor. Appellant does not allege the existence of a debt owed by Debtor to the Appellant which arises out of Debtor's use of fraudulent means to obtain money, property, services, or credit. The alleged fraud of Debtor did not even create a debt. Thus, this Court's *de novo* review of the record leaves only one conclusion–the Bankruptcy Court did not err in dismissing the Appellant's adversary complaint as Appellant did not and cannot state a claim under 11 U.S.C. §§ 523(a)(2)(A), 548(a)(1), or 727 (c)(2).

## CONCLUSION

Based on the above, the Bankruptcy Court's Order dismissing the Appellant's adversary complaint is **AFFIRMED**.

**AND IT IS SO ORDERED**.

_____
Richard Mark Gergel
United States District Court Judge

September 15, 2010
Charleston, South Carolina